IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SANITARY & IMPROVEMENT DISTRICT
NO. 304, Sarpy County, Nebraska;

Plaintiff,

vs.

INTERNATIONAL FIDELITY INSURANCE
COMPANY;

Defendant.

**8:21-CV-260**

**MEMORANDUM AND ORDER**

## I.    INTRODUCTION

Sanitary and Improvement District No. 304, Sarpy County, Nebraska ("SID 304") has sued International Fidelity Insurance Company ("IFIC") for breach of contract.[1] Before the Court is SID 304's Motion for Default Judgment. Filing 8. For the reasons stated herein, the Court denies SID 304's motion without prejudice to reassertion.

## II.    BACKGROUND

SID 304 is a political subdivision in Sarpy County, Nebraska. Filing 1 at 1. On October 17, 2017, SID 304 contracted with nonparty TLC Construction, LLC,[2] to construct a sanitary sewer and storm sewer. Filing 1 at 2. The agreement provided that TLC Construction would complete

---

[1] While SID 304's Complaint states "Breach of Contract" as its cause of action, Filing 1 at 6, its current motion states that it sued IFIC for "Breach of Implied Contract and Unjust Enrichment." Filing 8 at 1.
[2] TLC Construction, LLC, has filed for bankruptcy. Filing 1 at 1.

the project by May 7, 2018, and stated that time was of the essence. Filing 1 at 2; Filing 9-3 at 11. If TLC Construction failed to complete construction by May 7, 2018, the agreement allowed for liquidated damages of $500 per calendar day to be assessed against TLC Construction until it substantially completed the work. Filing 1 at 2; Filing 9-3 at 11–12.

The agreement required TLC Construction to provide a performance bond. Filing 1 at 2; Filing 1 at 2; Filing 9-3 at 20–22. On October 3, 2017, TLC Construction provided a performance bond for the construction project, which listed it as principal, defendant IFIC as surety, and SID 304 as owner. Filing 1 at 2–3; Filing 9-3 at 20. The bond stated that IFIC and TLC Construction would be jointly and severally liable for the penal sum of $1,012,369.88, and that TLC Construction would "faithfully perform all of [its] obligations regarding and pertaining to [the] construction work." Filing 9-3 at 20.

On October 18, 2017, SID 304's engineer notified TLC Construction to begin work on the project within five business days. Filing 1 at 3; Filing 9-3 at 31. TLC Construction began construction, but unilaterally ceased performance for unknown reasons. Filing 1 at 3. SID 304's engineer contacted TLC Construction requesting them to return to the project and resume construction work. Filing 1 at 3–4; Filing 9-3 at 32. TLC Construction did not complete any construction work in 2018. Filing 1 at 4.

On May 7, 2018, SID 304's engineer notified TLC Construction that the time required to complete the project had expired and that SID 304 had begun assessing liquidated damages against TLC Construction. Filing 1 at 4; Filing 9-3 at 33. SID 304's engineer sent another letter to TLC Construction on May 24, 2018, telling it that there was approximately $600,000.00 of work remaining, that the work would take sixty days to complete, and that TLC Construction's rate of progress was unacceptable. Filing 1 at 4 Filing 9-3 at 34. The letter further stated that if TLC

Construction did not provide an explanation for how it was going to dramatically increase its productivity, SID 304 would have to engage another contractor to complete the work. Filing 1 at 4; Filing 9-3 at 34. On November 2, 2018, SID 304's engineer recommended that it terminate the contract with TLC Construction due to its failure to perform the construction work on the project. Filing 1 at 5; Filing 9-3 at 36.

SID 304 engaged L.G. Roloff Construction Company, Incorporated, to complete the work on the project. Filing 1 at 5. SID 304 claims that it incurred damages of $251,741.70.[3] Filing 8 at 2. It calculates its damages by stating the original contract price was $912,032.34 and it paid TLC Construction $712,729.10, leaving $200,303.24 on the original contract price. Filing 1 at 5. SID 304 further alleges it incurred costs and liquidated damages totaling $452,044.94 which, less the $200,303.24 remaining on the original contract price, results in the total damages amount of $251,141.70. Filing 1 at 5. Pursuant to the performance bond, SID 304 presented a claim to IFIC for its damages. Filing 1 at 6. IFIC denied that claim. Filing 1 at 6.

On July 12, 2021, SID 304 sued IFIC for breach of contract. Filing 1. On July 13, 2021, the Court issued summons for IFIC, which was delivered on July 19, 2021. Filing 4; Filing 5 at 3–4. IFIC did not file a response. SID 304 then filed a Motion for Clerk's Entry of Default against IFIC on September 16, 2021, which the Clerk entered on September 20, 2021. Filing 6; Filing 7. Later that day, SID 304 filed its Motion for Default Judgment against IFIC. Filing 8.

---

[3] While SID 304 claims this amount in its Motion for Default Judgment, its Complaint lists both this amount ($251,741.70) and $251,171.40 as its total damages. *Compare* Filing 1 at 5 ("SID 304 has suffered damages in the amount of $251,171.40 . . . ."), *with* Filing 1 at 7 ("IFIC is liable to pay SID 304 $251,741.70 . . . ."). As set forth below, because SID 304 fails to support its damages calculation with any evidence, it is impossible for the Court to determine if these differences represent a typographical error and if so, which is the correct amount.

## III.    ANALYSIS

### A.  Standard of Review

Entering default judgment is governed by Federal Rule of Civil Procedure 55. *See* Fed. R. Civ. P. 55. "When a party 'has failed to plead or otherwise defend' against a pleading listed in [Federal Rule of Civil Procedure] 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (quoting Fed. R. Civ. P. 55(a)).

It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997)). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). "[I]t is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852-53 (quoting *Murray*, 595 F.3d at 871).

### B.  SID 304 Has Stated a Legitimate Cause of Action

IFIC failed to respond or otherwise defend against SID 304's suit within 21 days after receiving service on July 19, 2021 as required by Federal Rule of Procedure 12(a)(1)(A)(i). Therefore, the Court turns to whether the unchallenged facts in this case give rise to a legitimate cause of action. Having examined the complaint and the filings in this case, the Court concludes that SID 304 has stated a legitimate cause of action for breach of contract.

Under Nebraska law, "In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty." *Henriksen v. Gleason*, 643 N.W.2d 652, 658 (Neb. 2002). Here, SID 304 has shown that it had it had a contract with TLC Construction to construct a sanitary sewer and storm sewer, IFIC issued a performance bond with respect to that construction contract, and TLC Construction did not substantially complete the performance it owed under the construction contract. Moreover, SID 304 has demonstrated that, in the performance bond, IFIC agreed to be jointly and severally liable for damages arising from TLC Construction's breach of the construction contract. SID 304 has also sufficiently pled that TLC Construction's breach of the construction contract caused it damages,[4] for which IFIC is liable pursuant to the performance bond. Thus, SID 304 has stated a legitimate cause of action for breach of contract.

## C.  SID 304's Damages Are Not Ascertainable

The Court next determines what damages it may award under an entry of default judgment. "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). "[D]efault judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (quoting *Enron Oil Corp.*

---

[4] The Court finding that SID 304 has sufficiently pled damages to establish a legitimate cause of action for breach of contract has no bearing on whether SID 304 has sufficiently shown damages to justify granting its Motion for Default Judgment. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (expressing skepticism that finding loss as an element of a claim necessarily proves damages to support granting default judgment, because "even if [the nonmovant's] liability . . . is taken as established, [the movant] must still prove its actual damages to a reasonable degree of certainty").

5

*v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993)). SID 304 must prove its damages by a preponderance of the evidence. *See Whitesell Int'l Corp. v. Smith Jones, Inc.*, 827 F. Supp. 2d 964, 967–68 (S.D. Iowa 2011) (citing *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001)).

SID 304 seeks two forms of damages: liquidated damages under the contract for TLC Construction's failure to complete its work by May 7, 2018, and direct and consequential damages it suffered by having to hire another contractor to complete TLC Construction's work. Filing 1 at 5. The Court first considers SID 304's request for liquidated damages. In its Complaint, SID 304 contends it has suffered $217,500.00 of liquidated damages. Filing 1 at 5. The agreement between SID 304 and TLC Construction provides for liquidated damages of $500 per calendar day from the date TLC Construction was to have the work substantially completed to the date TLC Construction ultimately substantially completed the work. Filing 9-3 at 12. On May 7, 2018, the time for TLC Construction to substantially complete the work expired. Filing 9-3 at 33. SID 304 calculates the liquidated damages by taking the number of days between May 7, 2018, to July 15, 2019, and multiplying the number of days by $500. SID 304 provides no explanation for why it chooses July 15, 2019, as its end date for calculating liquidated damages.

Whether a stipulation for damages in a contract is to be considered as an enforceable liquidated damages clause or as an unenforceable penalty is a question of law. *Berens & Tate, P.C. v. Iron Mountain Info. Mgmt., Inc.*, 747 N.W.2d 383, 387 (Neb. 2008). Stipulated damages in a contract are considered liquidated damages only

> where the damages which the parties might reasonably anticipate are difficult to ascertain because of their indefiniteness or uncertainty and . . . where the amount stipulated is either a reasonable estimate of the damages which would probably be caused by a breach or is reasonably proportionate to the damages which have actually been caused by the breach.

*Kozlik v. Emelco, Inc.*, 483 N.W.2d 114, 121 (Neb. 1992) (emphasis removed) (quoting *Growney v. C M H Real Est. Co.*, 238 N.W.2d 240, 243 (Neb. 1976)). The Nebraska Supreme Court has held that provisions similar to the one at issue in this case are valid liquidated damages clauses. *See Abel Const. Co. v. Sch. Dist. of Seward, Seward Cnty.*, 195 N.W.2d 744, 748 (Neb. 1972) (holding that a clause providing for liquidated damages of $75 for each day's delay beyond the completion date was valid); *Parsons Const. Co. v. Metro. Utils. Dist. of Omaha*, 104 N.W.2d 272, 278 (Neb. 1960) (holding that a clause providing for liquidated damages of $150 per day was valid). The Nebraska Supreme Court has also cited with approval a section of Williston on Contracts, Third Edition, stating, "[U]nless the sum fixed in the [construction] contract is very unreasonable the provision is treated as one for liquidated damages." *Abel Const.*, 195 N.W.2d at 747-48 (quoting 5 Williston on Contracts § 785 (3d ed.)).[5]

Because the Nebraska Supreme Court has upheld similar provisions in the past, and given the fact that damages for delay in performing construction contracts are "difficult to estimate," *id.*, the Court concludes that the liquidated damages clause here is valid. However, the Court is unable to conclude that the amount of liquidated damages SID 304 requests is supported by a preponderance of the evidence. SID 304 provides no reason to the Court why liquidated damages should be calculated from May 7, 2018, to July 15, 2019. The significance of July 15, 2019, as the end date for calculating damages is unclear based on the evidence before the Court.[6] Therefore,

---

[5] The same section in the 4th Edition of Williston on Contracts, using the same language as cited by the Nebraska Supreme Court, can be found at 24 Williston on Contracts § 65:19 (4th ed.).

[6] The Court is also doubtful that July 15, 2019, is the appropriate end date with which to calculate liquidated damages. As stated above, SID 304's engineer recommended terminating the contract with TLC Construction on November 2, 2018. Filing 1 at 5; Filing 9-3 at 36. It seems unlikely that SID 304 could terminate the contract while continuing to collect liquidated damages eight months after the contract's termination. *See Browning Ferris Indus. of Neb., Inc. v. Eating Establishment-90th & Fort, Inc.*, 575 N.W.2d 885, 889 (Neb. Ct. App. 1998) (finding amount of liquidated damages unreasonable because, among other reasons, the liquidated damages payment period extended beyond the term of the contract).

the Court cannot award liquidated damages at this time because it is unable to "fix the amount which [SID 304] is lawfully entitled." *Stephenson*, 524 F.3d at 915 (quoting *Pope*, 323 U.S. at 12).

The same issue precludes awarding SID 304 direct and consequential damages. SID 304 hired L.G. Roloff Construction to finish the construction that TLC Construction abandoned. Filing 1 at 5. However, SID 304 has provided no evidence of the amount it paid L.G. Roloff Construction, and its conclusory statement that the cost was $143,196.42 is insufficient to prove its damages for default judgment. *See Murray*, 595 F.3d at 871 ("Upon default, the factual allegations of a complaint (*except those relating to the amount of damages*) are taken as true . . . ." (emphasis added)). SID 304 has further failed to provide evidence of the other damages it incurred to complete construction, opting instead to merely allege them in its Complaint. *See* Filing 1 at 5. Because "default judgment cannot be entered until the amount of damages has been ascertained," *Hagen*, 205 F.3d at 1042 (quoting *Diakuhara*, 10 F.3d at 97), the Court denies SID 304's Motion for Default Judgment without prejudice to reassertion with the proper supporting documentation by which the Court can determine damages. *See Larson*, 242 F.3d at 818–19 (affirming the denial of a motion for default judgment when the movant failed to "prove its actual damages to a reasonable degree of certainty").

## IV.   CONCLUSION

SID 304 has failed to prove its damages, which prevents the Court from granting its Motion for Default Judgment. Accordingly,

IT IS ORDERED:

1. SID 304's Motion for Default Judgment, Filing 8, is denied without prejudice to reassertion in a properly documented motion by which the Court can ascertain the correct amount of damages.

Dated this 19th day of November, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge